**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-10141 |
| Plaintiff - Appellee, | D.C. No. 4:08-cr-00633-CKJ-BPV-2 |
| v. | |
| LUIS ARENAS-LOPEZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Cindy K. Jorgenson, District Judge, Presiding

Argued and Submitted March 16, 2012
San Francisco, California

Before: WALLACE and BEA, Circuit Judges, and BENNETT, District Judge.[**]

Arenas-Lopez appeals from his conviction for conspiracy to possess

marijuana with intent to distribute under 21 U.S.C. §§ 846, 841(a)(1) and

841(b)(1)(B)(vii). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Mark W. Bennett, District Judge for the Northern District of Iowa, sitting by designation.

Arenas-Lopez's argument focuses only on the district court's denial of his motion to suppress under the Fourth Amendment. He argues that his warrantless arrest was not supported by probable cause.

Arenas-Lopez's opening brief does not present any argument that the facts found by the district court are insufficient to support probable cause. Therefore, any argument dealing with whether the facts found justify probable cause to stop and arrest Arenas-Lopez has been waived. *Fleischer Studios, Inc. v. A.V.E.L.A., Inc.*, 654 F.3d 958, 965 (9th Cir. 2011). Instead, Arenas-Lopez argues that the district court erred in considering and clearly erred in finding certain facts. Arenas-Lopez asserts that when these facts are removed from the analysis, there is no probable cause. Therefore, in addressing his argument, we limit ourselves to the narrow question of whether the district court erred by considering or clearly erred by finding the disputed facts.

The district court did not clearly err in finding that Arenas-Lopez looked "surprise[d]," "concern[ed]" or "alarm[ed]" when he noticed the agent in a vehicle in the lane next to his, because that is a reasonable interpretation of the testimony, which described Arenas-Lopez's expression as an "oh no" reaction.

The district court did not clearly err in finding that Agent Whitney passed the purple Explorer while chasing the white Dodge because the district court never

2

found this fact—instead it found that "Whitney believes he passed the Ford Explorer." The district court did not rely on Whitney's belief, and Arenas-Lopez has not shown how Whitney's subjective belief is relevant.

The district court did not err in considering Arenas-Lopez's very hard look at Agent Whitney at the rest stop because a court is required to consider the "totality of the circumstances," which includes innocent and incriminating facts alike. *United States v. Arvizu*, 534 U.S. 266, 274–75 (2002) (requiring consideration of innocent factors such as looking in a store window, driving a minivan, looking awkward when waving, talking with friends, or any other acts "consistent with innocent travel"). Arenas-Lopez's argument is based on his effort to reinstate the divide-and-conquer approach, already rejected in *Arvizu*, by excluding innocent facts from the totality analysis. The district court was required to consider all factors, regardless whether others would consider them originally innocent or incriminating. Arenas-Lopez's argument that a particular fact was innocent misses the point. Therefore, the district court did not err in considering the testimony that Arenas-Lopez gave a "very hard" look at Agent Whitney. Even what might otherwise be innocent conduct can, in the totality of the case, be significant.

Some might think a casual look to satisfy Arenas-Lopez's curiosity could be important but the evidence accepted by the district court does not show a curiosity type of look. The testimony is that Arenas-Lopez looked "very hard" to see what Whitney was doing. Just as the "oh no" expression described above can support probable cause, so can an intensely observant expression. *See United States v. Ewing*, 638 F.3d 1226, 1232 (9th Cir. 2011) (considering a person's nervous expression).

Ultimately, we need not weigh the probative value of the very hard look, because Arenas-Lopez has waived the argument that the facts considered by the district court do not support probable cause. Arenas-Lopez has limited his argument to whether the district court permissibly considered certain facts, without arguing that the facts found by the district court are insufficient to establish probable cause.

The district court did not err by considering whether Arenas-Lopez might have begun his trip in the city of Douglas where the Explorer was registered. This discussion occurred only after the district court explained the facts challenging Arenas-Lopez's story that he had begun his trip in Sahuarita.

The district court did not err in considering the irregularities in Arenas-Lopez's story that he was attending a funeral, because Arenas-Lopez's driving

pattern would have required him to have turned around and headed back southbound almost as soon as he arrived in Sahuarita. Whether true or not, it is, in the view of the district court, an unusual driving pattern that must be considered as part of the totality of the circumstances.

The district court did not erroneously apply the collective knowledge doctrine because Agents Housley and Jarmon were aiding Agent Whitney in his investigation at the time of the arrest. *United States v. Jensen*, 425 F.3d 698, 704–705 (9th Cir. 2005).

The district court was not required to hold an evidentiary hearing because it did not reject the magistrate judge's credibility findings. *United States v. Raddatz*, 447 U.S. 667, 676, 680–81 (1980).

**AFFIRMED**



*United States v. Arenas-Lopez*, 11-10141

BENNETT, District Judge, concurring in part and dissenting in part:

I agree with the majority's conclusion that the district court was not required to hold an evidentiary hearing, as it did not reject the magistrate judge's factual findings. I respectfully dissent, however, from the majority's resolution of Arenas-Lopez's claim that the district court erred in determining that probable cause existed to arrest the defendant.

I disagree that Arenas-Lopez cabined his argument to the sole issue of whether the district court erred in considering and clearly erred[1] in finding certain facts and, therefore, waived any argument that the facts here are insufficient to support probable cause. Rather, Arenas-Lopez broadly framed the issue presented to this panel as whether the district court erred in determining there was probable cause to arrest the defendant. Tellingly, the government does not parse Arenas-Lopez's argument like the majority does and, to the contrary, treats Arenas-

---

[1] I agree with the majority that the binding law of this circuit instructs this panel to review the district court's factual findings for clear error, *see, e.g., United States v. Jensen*, 425 F.3d 698, 704 (9th Cir. 2005), but I disagree with the application of this precedent to cases in which the district court, like us, relies on the magistrate judge's evidentiary hearing. When the district court bases its factual findings on the same cold record as the one before this court, we should, accordingly, afford less deference to the district court's findings of fact. Nonetheless, my disagreement with the district court, as explained below, ultimately lies not with its findings of fact but, rather, the inferences it drew from those facts.

Lopez's brief as arguing broadly that insufficient facts supported the district court's finding of probable cause. The government devotes its brief to explaining how the facts here do support probable cause and relegates to footnotes its arguments as to whether the district court erred in considering or finding any facts. Notably, nowhere in its brief does the government contend that Arenas-Lopez waived the argument that the facts were insufficient to support probable cause.

Moreover, even accepting the majority's interpretation that Arenas-Lopez waived this argument, I would exercise our discretion to reach the question of whether the facts support probable cause, as I find that this issue qualifies as an exception to the general rule that this court will not countenance waived arguments:

> We "will not ordinarily consider matters on appeal that are not specifically and distinctly argued in appellant's opening brief." *Miller v. Fairchild Industries, Inc.*, 797 F.2d 727, 738 (9th Cir. 1986). Three main exceptions to that rule exist. First, we will review an issue not present in an opening brief for "good cause shown", Fed. R. App. P. 2, or "if a failure to do so would result in manifest injustice." *United States v. Loya*, 807 F.2d 1483, 1487 (9th Cir. 1987). Second, "[w]e have discretion to review an issue not raised by appellant . . . when it is raised in the appellee's brief." *In re Riverside Linden Investment Co.*, 945 F.2d 320, 324 (9th Cir. 1991). Third, we may review an issue if the failure to raise the issue properly did not prejudice the defense of the opposing party.

*United States v. Ullah*, 976 F.2d 509, 514 (9th Cir. 1992). Here, all three

exceptions are applicable—the second and third, clearly so, as the government

addressed in its brief whether the facts support probable cause and, therefore,

would not be prejudiced by our consideration of this issue. I also believe the first

exception is met, as it would be a manifest injustice to read Arenas-Lopez's brief

so narrowly as to exclude the issue at the heart of this dispute: whether the facts

support a finding of probable cause. Therefore, I would—and do—consider

whether there was probable cause to arrest Arenas-Lopez.

Although this is certainly a close case, I disagree with the district court that

the agents had probable cause to arrest Arenas-Lopez without a warrant. The facts

may be sufficient to support reasonable suspicion that Arenas-Lopez and his co-

defendant were engaged in a scout car-load car drug trafficking scenario, but not

probable cause.[2] The government directs us to *United States v. Vital-Padilla*, 500

F.2d 641 (9th Cir. 1974), in which this court recognized that a scout car-load car

---

[2] The agents involved in Arenas-Lopez's arrest apparently shared my view—at least before Arenas-Lopez filed a motion to suppress. Although the United States Supreme Court has "ma[d]e clear that an arresting officer's state of mind (except for the facts that he knows) is irrelevant to the existence of probable cause," *Devenpeck v. Alford*, 543 U.S. 146, 153 (2004), this case is exceedingly rare—the arresting agent himself did not believe he had probable cause to arrest the defendant for any crime. The arresting border patrol agent, here, initially released Arenas-Lopez for lack of probable cause to arrest him. The agent only arrested Arenas-Lopez after the supervising DEA agent told him to do so (interestingly, the supervising DEA agent's report of the arrest also only mentions the agents' reasonable suspicion to believe Arenas-Lopez was involved in drug trafficking, not probable cause).

scenario may give rise to probable cause to arrest the scout car driver, where sufficient facts exist to suggest that the two vehicles are driving in tandem and contraband has been found in the load car. *Id.* at 643-44. However, the facts of *Vital-Padilla* are entirely distinguishable from and much more suspicious than the facts here: in *Vital-Padilla*, agents observed two cars traveling thirty to forty yards apart down an abandoned dirt road near the border, at dusk, with no lights on, and at twice the safe rate of speed for that road. *Id.* at 643. Here, in contrast, the border patrol agent first observed Arenas-Lopez's vehicle early on a Sunday morning traveling on an on-ramp to merge onto a major interstate, while the alleged load car was just about to turn onto the on-ramp. Once on the interstate, the vehicles were approximately a quarter mile apart, and the agent passed the vehicles with his cruise set at seventy-five or eighty miles an hour. There is nothing suspicious, or even remarkable, about this driving pattern.

Moreover, there is absolutely nothing significant about the fact that Arenas-Lopez's vehicle was registered in Douglas. Where a vehicle is registered indicates very little about where a vehicle began any particular trip. Someone may commute over an hour to work each day; if she is pulled over while out grabbing lunch, does the fact that her car is registered in a county an hour away make her "story" that she was driving from her work to lunch suspicious? Furthermore, the lack of an

4

overnight bag in Arenas-Lopez's vehicle is not at all suspicious. Arenas-Lopez stated that he was traveling from Sahuarita to Nogales for a funeral. The two cities are only fifty miles apart—why would someone bring an overnight bag for a round trip of less than two hours?

As this decision is a memorandum disposition, I do not continue on to list all the facts and explain, in detail, my disagreements with the district court as to each one. I simply note that I agree with Magistrate Judge Velasco that the government has re-spun reasonable suspicion into probable cause here. I cannot help but wonder: if Arenas-Lopez were not Hispanic, would he even have been pulled over? It seems the primary factor raising the agents' suspicions was that Arenas-Lopez was "driving-while-Hispanic."[3] The facts do not support the government's post-hoc legal maneuvering to save its case.

---

[3] This court, in what it has described as a "driving-while-Hispanic case," rejected officers' suspicions "premised on a profile that could 'certainly fit hundreds of thousands of law abiding daily users of the highways.'" *See United States v. Osborn*, 203 F.3d 1176, 1182 (9th Cir. 2000) (quoting *United States v. Rodriguez*, 976 F.2d 592, 596 (9th Cir. 1992)) (describing *Rodriguez*'s holding).